# UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JUN 0 1 2007

Stephan Harris, Clerk
Cheyenne

UNITED STATES OF AMERICA

V.

JASON A. BLOCK

CRIMINAL COMPLAINT

CASE NUMBER: 07-M-75-B

I, Nicole Balliett, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about and between April 11th and 13th, 2007, in Carbon County, in the District of Wyoming, the Defendant, **JASON A BLOCK**, using a means of interstate commerce, namely the telephone, did knowingly attempt to persuade, induce, and entice an individual who had not attained the age of 18 years to engage in sexual activity for which an individual could be charged with a criminal offense, to wit: the Defendant, JASON A BLOCK, contacted a fourteen year old female, by telephone and attempted to persuade her to engage in sexual conduct, masturbation, which constitutes a violation of Wyoming law, specifically W.S. § 14-3-105, commonly known as indecent liberties with a minor,

in violation of Title **18** United States Code, Section 2422(b). I further state that I am a Special Agent with the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, and that this complaint is based on the following facts:

1. Your Applicant, Nicole D. Balliett, is a Special Agent for the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, hereafter referred to as ICE, and has been employed by ICE as such since May 2003. Your Applicant successfully completed eleven weeks of Criminal Investigator Training at the Federal Law Enforcement Training Center and received the Academic Honors Award for this program

**(Continued on Attached Statement in Support of Criminal Complaint)**

Continued on the attached sheet and made a part hereof:  X Yes  ___ No

*Nicole Balliett*

Signature of Complainant
Nicole Balliett

Sworn to before me and subscribed in my presence,

June 1, 2007                                at       Cheyenne, Wyoming
_____                                         _____
Date                                                City and State

Hon. Alan B. Johnson
United States District Court Judge           *Alan B. Johnson*

Name & Title of Judicial Officer              Signature of Judicial Officer

# SWORN STATEMENT OF NICOLE BALLIETT
# IN SUPPORT OF CRIMINAL COMPLAINT (Jason Block)

In addition, Your Applicant completed eleven weeks of Special Agent Training with Immigration and Customs Enforcement. Your Applicant also attended Undercover Agent training school at the Federal Law Enforcement Training Center and is certified as an undercover agent with ICE. Since May 2004, Your Applicant has been a part of the Wyoming Internet Crimes Against Children (ICAC) task force in Cheyenne, Wyoming. The Wyoming ICAC is a cooperative effort of members from the Wyoming Division of Criminal Investigation (DCI) and the ICE Cheyenne office, whose purpose is to investigate criminal violations of both federal and state child pornography and child exploitation laws. Your Applicant has participated as either lead agent or assisting agent in excess of one hundred (100) child pornography and child exploitation investigations and has been trained in the investigation of computer related child exploitation and child pornography cases.

2.  This affidavit is based upon information your complaintant has gained from speaking to and reading the reports of Special Agent Randy Huff, Wyoming Division of Criminal Investigation and from listening to the recorded evidence. Since this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that **JASON A BLOCK** used the telephone in an attempt to persuade, induce, and entice an individual he believed had not attained the age of 18 years to engage in sexual activity for which an individual could be charged with a criminal offense in violation of Title 18, United States Code, Section § 2422(b).

3.  On April 24, 2007, Special Agent (SA) Huff spoke to Pam Zack, who had been in contact with a fourteen year old girl concerning an incident between the girl and a man identified as **Jason**

**A BLOCK.**

4. Pam Zack said the fourteen year old girl wanted to be a model so she sent photos of herself to onemodelplace.com on March 29, 2007. OnMarch 29th, Pam Zack received an email from **BLOCK** which said, "please see my website and contact me 917-539-6725."

5. Pam Zack contacted **BLOCK** at that phone number shortly after the email and over the next weeks, corresponded with **BLOCK** by email and telephone concerning the fourteen year old girl's modeling career.

6. On April 12, 2007, the fourteen year old girl told Pam Zack that on the previous night, **BLOCK** contacted her and told her he wanted her to stand in front of a mirror and touch her "boobs" and other parts of her body. The fourteen year old girl felt very uncomfortable with **BLOCK** and did not want to talk to him again.

7. On April 13, 2007, at 10:13 PM, **BLOCK** called the fourteen year old girl according to Zack. This conversation was recorded by the girl using a tape recorder. Your Complaintant has listened to the recorded conversation and found the following:

8. During the recorded conversation, **BLOCK** asks the girl if she had thought about the conversation they had two nights before and if she had "practiced" on herself again. The girl was evasive, saying she did not know how to respond.

9. At one point in the conversation, **BLOCK** asks the girl if she was "experienced." When the girl replies yes, **BLOCK** asks "you have had sex before?" Again, the girl replies that she had. **BLOCK** then asks "were you orgasmic?"

10. **BLOCK** wants the girl to touch herself and tell him what she is doing. When the girl says that she is not sure what to do and would be more comfortable with him telling her", like he did

before, **BLOCK** then states to the girl that he will help her.

11. **BLOCK** asks "What do you like?" "Where do you like being kissed?," **BLOCK** then asks the girl if she likes being kissed on different body parts, including tummy, hips, below the tummy, on her thighs.

12. **BLOCK** continues, asking "what do you want" and asks the girl if she wants him to speak in first person. The girl replies that she wants him to talk as he normally would, stating that she doesn't want him to say anything he doesn't want to say. **BLOCK** replies "I just feel a little strange, cuz you're young, to be honest with you." He then states "Would I want you?"

13. **BLOCK** immediately continues, talking in graphic detail of kissing, touching, and rubbing the girl.

14. **BLOCK** asks if the girl if she likes to be touched "down there?" He then asks "Do you want me inside of you?" "From behind?" "Do you like to be on top?"

15. **BLOCK** repeatedly asks the girl what she wants, is she is hot and at one point, if she is wet. He asks the girl finally says "I want you." **BLOCK** then asks repeatedly "What do you want" and "What do you want me to do to you?"

16. The girl replies "fuck me, probably." **BLOCK** says "you want me to…Hard" then asks the girl if she wants to be on top or if she wants him to be on top. The girl asks which way is better and **BLOCK** replies "whatever you like."

17. At this point, the girl tells **BLOCK** that she thinks her dad is home. **BLOCK** tells her to shut the door and tells her "don't stop what you are doing, don't lose where you are at, ok?" The girl tells **BLOCK** that she has shut the door.

4

18. After the door is shut, **BLOCK** asks the girl the following questions:

> Want me to come over there?
>
> Want me inside of you?
>
> Want me to teach you all kinds of things?
>
> What do you want me to teach you?
>
> You want me to lick you (indecipherable)?
>
> Do you want to ride me?

19. The girl ends the conversation by stating that someone had not knocked on the bathroom door and that she had to go.

20. On Friday May 4, 2007 at 3:50 PM mountain time, SA Huff called the phone number that was logged as belonging to Jason A **BLOCK** (917) 539-6725. A man answered the phone and SA Huff asked for Mr. **BLOCK** and the man replied "Yes." SA Huff recognized the voice as the same voice he heard on the recording made by the girl as referred to above. At this time, **BLOCK** said the connection was bad and agreed to call SA Huff back at a later date.

21. On May 7, 2007, SA Huff received a phone call from Jason A **BLOCK**. SA Huff returned his phone call immediately, recording the phone call. SA Huff confirmed **BLOCK**'s biographical information and his residential address in New Jersey.

22. **BLOCK** confirmed that he had talked to both the girl and Pam Zack. **BLOCK** confirmed that he had talked to the girl about a modeling career. SA Huff asked **BLOCK** if he had asked the girl to stand in front of the mirror naked, and to masturbate. **BLOCK** said that never happened, but he had asked her to stand in front of a mirror. **BLOCK** said he understood that would be illegal to ask a 14-year-old girl to do that. **BLOCK** went on to describe his professional business to SA Huff.

5

22. SA Huff has confirmed through investigation the identity of Jason A **BLOCK** and his residence in New Jersey.

23. Based on the above information, your complaintant believes that probable cause exists to believe that **JASON A BLOCK** used the telephone, a means of interstate commerce, in an attempt to persuade, induce, and entice an individual he believed had not attained the age of 18 years to engage in sexual activity for which an individual could be charged with a criminal offense in violation of Title 18, United States Code, Section § 2422(b).

# PENALTY SUMMARY
## Complaint

**DATE:** June 1, 2007

**DEFENDANT NAME:** JASON A. BLOCK

# Victim: YES

**OFFENSE AND PENALTY:**

| | | |
|---|---|---|
| OFFENSE: | Ct. 1: | 18 U.S.C. § 2422(b)<br>(Attempting to Entice a Minor to Engage in Illegal Sexual Activity ) |
| PENALTY: | | NLT 5 OR MORE THAN 30 YEARS IMPRISONMENT<br>$250,000.00 FINE<br>UP TO LIFE SUPERVISED RELEASE<br>$100 SPECIAL ASSESSMENT<br>CLASS "B" FELONY |
| **TOTAL:** | | NLT 5 OR MORE THAN 30 YEARS IMPRISONMENT<br>$250,000.00 FINE<br>UP TO LIFE SUPERVISED RELEASE<br>$100 SPECIAL ASSESSMENT |

**AGENT:** Nicole Balliett- DCI    **AUSA:** James C. Anderson

**ESTIMATED TIME OF TRIAL:**         **INTERPRETER NEEDED:**

- ✓ five days or less                    ___ Yes
- ___ over five days                     ✓ No
- ___ other

**THE GOVERNMENT:**

__X__ will                               ___ The court should not grant bond because the defendant is not bondable because there are detainers from other jurisdictions

_____ will not

**SEEK DETENTION IN THIS CASE.**